Carl W. Greene, Jr. v. Commissioner.
Greene v. Commissioner
Docket No. 5531-64.
United States Tax Court
T.C. Memo 1965-312; 1965 Tax Ct. Memo LEXIS 19; 24 T.C.M. (CCH) 1744; T.C.M. (RIA) 65312; December 2, 1965
Carl W. Greene, Jr., pro se, 1736 Archer St., San Diego, Calif. Morley H. White, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1961 in the amount of $489.79. The only issue for decision *20 is whether the deficiency as determined by respondent should be reduced by an amount of $300 paid by petitioner to the Bankruptcy Court pursuant to a show cause order of a Referee in Bankruptcy of the United States District Court for the District of Arizona subsequent to cashing a United States Treasurer's check in the amount of $359.14 which he received in payment of his refund claim in that amount made on his 1961 Federal income tax return. All of the facts have been stipulated and are found accordingly. Petitioner an individual now residing in Colton, California, filed an individual Federal income tax return for the calendar year 1961 with the district director of internal revenue at Tucson, Arizona. The date on the return was April 15, 1962, and the petitioner's address shown thereon was Tucson, Arizona. On this return petitioner showed a tax liability of $229.26, tax withheld from his wages of $588.40 and an overpayment of $359.14. He requested refund of the $359.14 overpayment. On May 22, 1962, a refund check from the Treasurer of the United States in the sum of $359.14 was mailed to petitioner. Petitioner received this check and prior to August 3, 1962, together with his *21 then wife Dorothy M. Greene, endorsed and cashed the refund check in an establishment known as the Cactus Room located in Tucson, Arizona. On October 24, 1961, petitioner filed in the United States District Court for the District of Arizona a petition in voluntary bankruptcy and was discharged in bankruptcy on April 12, 1962. Petitioner was ordered by the Referee in Bankruptcy to show cause on August 30, 1962 why he should not be required to turn over to the Trustee in Bankruptcy the proceeds of an income tax refund from the United States Government, the Order reading as follows: In the Matter of Carl W. Greene, Jr. Bankrupt #B 2143 Order At Tucson in said district, this 1st day of August 1962. Upon the annexed petition of the trustee herein and the Court being fully advised in the premises. It is hereby ordered that the Bankrupt - Carl W. Greene, Jr., shall appear on Thursday, the 30th day of August 1962, at 10:00 a.m. on said date, in the above entitled Court, then and there to show cause, if any he has, why he should not be required to turn over to Muriel Sandusky, Trustee of the above estate, the proceeds of an income tax refund from the United States Government in *22 the approximate amount of $300.00, insurance policies, and to show cause why he should not be required to pay attorney fees. (Signed) Hugh Caldwell Referee in Bankruptcy Petitioner through his attorney and pursuant to the order to show cause paid $300 to the Bankruptcy Court. The bankruptcy proceeding was closed on March 27, 1963. On August 12, 1964, respondent mailed to petitioner a notice of deficiency containing various adjustments to petitioner's reported income, resulting in a corrected income tax liability of $719.05 and a deficiency in the amount of $489.79. Petitioner does not contest the correctness of the various adjustments made by respondent in the determination of his taxable income or the amount of tax liability as determined by respondent. Petitioner recognizes that the difference in his corrected income tax liability for 1961 and the tax liability shown on his income tax return is $489.79. It is petitioner's position that $300 of the amount of the $359.14 refund which he received was seized by a Bankruptcy Court Order on April 30, 1962 without right in that Court to so do, with the result that no title to such funds passed so that petitioner did not have *23 complete ownership of the funds but only use and possession. Petitioner in amplifying his contention states that since he was unable to retain the funds and got no irrevocable title thereto, he is not responsible for repayment of such funds upon demand of the Commissioner of Internal Revenue. It is petitioner's position that any action for recovery by the Commissioner of Internal Revenue should lie against the Bankruptcy Court since he was entitled to possession of the funds only until such time as they were no longer recallable. Section 6211(a) [1] of the Internal Revenue Code of 1954 defines a deficiency in income tax as the amount by which the tax imposed exceeds the sum of the amount shown as tax by the taxpayer upon his income tax return plus amounts previously assessed (or collected without assessment) as a deficiency over the amount of rebates. Section 6211(b)[2] provides that in the case of income tax for the purposes of section 6211(a) the tax imposed and the tax shown on the return shall both be determined without regard to payment on account of estimated tax. *24 Under the language of the statute there is a deficiency in petitioner's income tax of $489.79 since without regard to the payments on account of estimated tax through withholding petitioner's correct tax liability exceeds the tax shown on his return by that amount unless the $300 which petitioner paid to the Bankruptcy Court should be considered as an amount assessed or collected without assessment as a deficiency in income tax prior to the mailing of the notice of deficiency on August 12, 1964. The stipulated facts show no assessment of any deficiency against petitioner and show no collection of any amount as a deficiency. The stipulated facts show that the $300 payment was made pursuant to the show cause order of the Bankruptcy Court and not that this payment was a collection as a deficiency in income tax. Under the facts here present we conclude that there is a deficiency in petitioner's income tax in the amount of $489.79 for the year 1961 and that respondent did not err in his determination of such a deficiency in the notice of deficiency mailed to petitioner on August 12, 1964. Decision will be entered for respondent. Footnotes
1. Sec. 6211, I.R.C. 1954. DEFINITION OF A DEFICIENCY. (a) In General. - For purposes of this title in the case of income, estate, and gift taxes, imposed by subtitles A and B, the term "deficiency" means the amount by which the tax imposed by subtitles A or B exceeds the excess of - (1) the sum of (A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus (B) the amounts previously assessed (or collected without assessment) as a deficiency, over - (2) the amount of rebates, as defined in subsection (b)(2), made. ↩
2. Sec. 6211(b) Rules for Application of Subsection (a). - For purposes of this section - (1) The tax imposed by chapter 1 and the tax shown on the return shall both be determined without regard to payments on account of estimated tax, without regard to the credit under section 31, and without regard to so much of the credit under section 32 as exceeds 2 percent of the interest on obligations described in section 1451.↩